The order below is hereby signed.

Signed: November 21 2011



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| | ) | Case No. 11-00481 |
| KEITH J. SMITH, *et al.*, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| FIRST MOUNT VERNON | ) | |
| INDUSTRIAL LOAN ASSOCIATION, | ) | |
| *et al.*, | ) | Adversary Proceeding No. |
| | ) | 11-10041 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Not for publication in |
| KEITH J. SMITH, | ) | West's Bankruptcy Reporter. |
| | ) | |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR DEFAULT
JUDGMENT (BASED ON FAILURE TO SERVE SUMMONS AND COMPLAINT
ON DEBTOR'S ATTORNEY) AND CONTINUING SCHEDULING CONFERENCE

The defendant is a debtor in the bankruptcy case within which this adversary proceeding is being pursued. Under Fed. R. Bankr. P. 7004(g), in addition to making service on the debtor, service of the summons and complaint was also required to be "made upon the debtor's attorney by any means authorized under

Rule 5(b), F.R. Civ. P." The plaintiffs failed to make service of the summons and complaint on the defendant's attorney in a manner authorized by Rule 5(b) .

Electronic service on the debtor's attorney would not have sufficed on the basis of the debtor's attorney being a registered e-filer. Under the court's Administrative Procedures for Filing, Signing, and Verifying Documents by Electronic Means, § I(D)(1) (adopted by this court's Administrative Order Relating to Electronic Case Filing and available on the court's website under Policies and Procedures):

> Registration and receipt of a CM/ECF login and password constitutes:
> . . .
> b. waiver of the right to service by personal service, first class or certified mail, and consent to electronic service, **except with regard to service commencing an adversary proceeding or a contested matter.**

(Emphasis added.) In any event, not even electronic service of both the summons and complaint was accomplished.[1]

In light of the foregoing, it is

ORDERED that the plaintiffs' motion for default judgment is DENIED. It is further

ORDERED that the clerk shall re-issue the summons, and that

---

[1] The debtor's attorney was given electronic notice of the filing of the complaint when it was filed via the clerk's making a docket entry regarding the filing in the main case. The summons, however, was docketed only in the adversary proceeding, and the debtor's attorney did not receive electronic notice of the docketing of the summons.

2

the scheduling conference is continued to a date to be reflected in the re-issued summons.

[Signed and dated above.]

Copies to: All counsel of record.